**FILED**

OCT 01 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. RICARDO GUILLERMO CARVAJAL-OSORIO, Defendant - Appellant. | No. 05-10522<br><br>D.C. No. CR-04-00370-SOM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted September 24, 2007**

Before:   CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

Ricardo Guillermo Carvajal-Osorio appeals from the 57-month sentence imposed following his guilty-plea conviction for illegal re-entry following

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   **   This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm and remand.

Carvajal-Osorio's contention regarding the continuing validity of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), as well as his contention that the district court erred by enhancing his sentence under 8 U.S.C. § 1326(b) based on non-jury fact-finding regarding his prior conviction are both foreclosed. *See United States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006); *United States v. Weiland*, 420 F.3d 1062, 1080 n.16 (9th Cir. 2005); *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004) (order).

Carvajal-Osorio next contends that the district court impermissibly double counted his prior conviction in order to increase his sentence. We disagree.

We have previously determined that using a prior conviction as a basis for a sentencing enhancement and in calculating a defendant's criminal history score is not impermissible double counting. *See United States v. Luna-Herrera*, 149 F.3d 1054, 1055-56 (9th Cir. 1998); *see also United States v. Blanco-Gallegos*, 188 F.3d 1072, 1076 (9th Cir. 1999) (stating that it was not error for the district court to increase an offense level by 16 levels, pursuant to 8 U.S.C. § 1326(b)(2), based on a conviction for possession of a controlled substance for sale and also be given

2

three criminal history points for that same conviction); *United States v. Parker*, 136 F.3d 653, 654-55 (9th Cir. 1998).

Finally, we determine that the 57-month sentence is reasonable. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.), *cert. denied*, 126 S. Ct. 2314 (2006); *see also United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.) (2006) (stating that the district court is not required to address every section 3553 factor).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED.**